**EXHIBIT 1**

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between Dartmouth Clubs, Inc. dba King's Inn Premier Gentlemen's Club and Craig Cabral (collectively "COMPANY") and Sienna Barboza ("Entertainer") as an individual (jointly the "Parties").

## RECITALS

A. WHEREAS, Entertainer provided entertainment services at the location of COMPANY within the past three years since the filing of this lawsuit on February 24, 2020; and

B. WHEREAS, certain disputes, claims and alleged causes of action have existed by and between the Parties arising out of and relating to Entertainer's services for and/or relationship to COMPANY; and

C. WHEREAS, Entertainer is an opt-in Plaintiff in the matter of *Alyssa Truehart v. Dartmouth Clubs, Inc. dba King's Inn Premier Gentlemen's Club, et al.,* 1:20-cv-10374-DJC, pending in the United States District Court for the District of Massachusetts (the "FLSA Case"); and

D. WHEREAS, the Parties have reached an agreement to fully and finally resolve all claims of Entertainer as an individual, and wish to set forth their agreement below:

## AGREEMENT

1. In exchange for Entertainer's promises described below, COMPANY agrees to pay Entertainer the sum of **Seven Thousand U.S. Dollars ($7,000)** ("Settlement Payment").

2. The Settlement Payment will be made in the following payments: (1) an initial payment within 15 days of an Order approving the settlement; (2) then 36 monthly payments of $5,500 per month commencing 30 days after the initial payment.

3. The payments will be made payable to the Kristensen LLP Client Trust Account via either wire or check (the account is named Kristensen Weisberg, LLP CA IOLTA Account with Wells Fargo). There will be payment made with the other settling plaintiffs together as follows (inclusive of costs and fees):

    A. An initial payment of $94,000; and

    B. Monthly payments for 36 months of $5,500 (totaling $198,000).

4. The gross payments for Entertainer, including costs and fees are as follows:

    A. An initial payment of $2,253.42;

    B. Monthly payments for 36 months of $131.85 (totaling $4,746.58).

5. As part of this agreement, COMPANY and Entertainer will enter into a Stipulated Judgment that may be executed and submitted to the District Court for entry for failure to make payments consistent with this agreement. The Court will maintain jurisdiction of this matter to effectuate entry and execution of the Stipulated Judgment. In the event of a breach, Entertainer will be entitled to unilaterally and without notice apply for reinstatement of the FLSA Case to the Court's active calendar for entry of judgment against COMPANY. Entertainer shall submit the following to the Court: (1) declaration(s) attesting to the breach; (2) the interest accrued; (3)

## SETTLEMENT AGREEMENT AND RELEASE

attorneys' fees incurred and payments made, if any; and (4) the resulting amount to the Stipulated Judgment. A copy of the Stipulated Judgment is attached hereto as Exhibit 1.

6. This is a good faith settlement of disputed claims. This Agreement does not constitute an admission by COMPANY of any wrongdoing.

7. Entertainer hereby releases and forever discharges COMPANY, its past or present parents, subsidiaries, spouses, heirs, assigns, agents, representatives, attorney(s), consultants, partners, successors, landlords, whether named in the FLSA Case, or not, including each entities' officers, directors, shareholders, agents, employees, managers, partners, attorney(s), successors, consultants, representatives, landlords, and assigns, whether named in the FLSA Case, or not, (all of the above collectively the "Released Parties") from any and all claims under the Fair Labor Standards Act and Massachusetts law, that Entertainer has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise.

8. Entertainer releases all claims under the Fair Labor Standards Act and Massachusetts law, arising from or relating to her relationship with and any services she may have provided to or for the benefit of COMPANY or any of the Released Parties, that she may have as of the date hereof. This release includes, but is not limited to, all such claims that were or could have been asserted in a Complaint or demand for arbitration. To the full extent permitted by law, Entertainer, for herself, and her marital community, if any, partners, heirs, executors, administrators, successors, trustees and assigns, waives, releases and forever discharges, and agrees that she will not in any manner institute, prosecute or pursue, any complaint, claim, lawsuit, clam for relief, demand, suit, action or cause of action, whether at in law or in equity, which she could assert at common law or under any statute, rule, regulation, order or law, whether federal, state, or local, or on any grounds whatsoever, including without limitation, any claim under the Fair Labor Standards Act; Massachusetts law; any claims for unpaid wages, and any statute or wage order (federal or state) relating to her employment, and claims against COMPANY and/or the Released Parties with respect to any event, matter, claim, under the Fair Labor Standards Act and Massachusetts law arising out of Entertainer's relationship with COMPANY and/or the Released Parties and/or the termination of that relationship.

9. Entertainer individually agrees and warrants that COMPANY'S promises made under this Agreement and performance thereof constitute full satisfaction of any and all of Entertainer's claims under the Fair Labor Standards Act and/or Massachusetts law, that Entertainer has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise, against COMPANY and/or the Released Parties. Should Entertainer be identified as a potential class member in any Class Action against COMPANY or any of the Released Parties for claims under the Fair Labor Standards Act and/or Massachusetts law, that Entertainer has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise, Entertainer agrees that any and all claims by her are specifically settled in this Agreement and that she will opt-out of any such Class Action.

10. COMPANY'S Settlement Payment shall be reported to the Internal Revenue Service ("IRS") on Tax Form 1099. COMPANY makes no representations as to the tax treatment of the payment called for in this Agreement and Entertainer is not relying upon any statement or representation by COMPANY. Entertainer understands and agrees that she will be solely

## SETTLEMENT AGREEMENT AND RELEASE

responsible for the payment of any taxes and penalties that may be owed on the Settlement Payment. The amount allocated to costs is $919.80 and the fees are $3,150. The remaining $2,930.20 is allocated to Entertainer. Costs are being allocated to the first payment. The costs, fees and amount to client are allocated as follows:

|  | Gross Amount | Costs | Fees | To Entertainer |
|---|---|---|---|---|
| Initial Payment | $2,253.42 | $919.80 | $1,014.04 | $319.58 |
| Total for 36 Monthly Payments | $4,746.58 |  | $2,135.96 | $2,610.62 |
|  | $7,000.00 | $919.80 | $3,150.00 | $2,930.20 |

The 36 monthly payments will be in the gross amount of $$4,746.58 with $$2,610.62 allocated to Entertainer and $$2,135.96 allocated to fees.

This Agreement is entered into in connection with related settlement agreements arising from the mediation conducted by the Parties with Dennis J. Calcagno, Esq. and reached in principle on June 18, 2021 and memorialized in the Parties' executed Memorandum of Understanding. In connection with the overall settlement reached at the mediation, eleven (11) separate settlement agreements ("Related Agreements"), will be presented to the District Court for approval. These settlements are interrelated, and this Agreement is contingent not only on District Court approval of this Agreement, but District Court approval of all twelve (12) Related Agreements.

11.   Time is the essence of this Agreement.

12.   This Agreement is an integrated agreement and contains the entire understanding and agreement of the parties and shall not be changed modified amended, extended, terminated, waived or discharged, except by an instrument in writing, signed by the Parties hereto. This Agreement supersedes all prior agreements and understanding except as herein expressly stated, notwithstanding the interrelationship between the twelve (12) Related Agreements.

13.   The rights and duties of the parties under this Agreement shall be governed by the laws of the State of Massachusetts and the United States of America pursuant to the FLSA. Any action to enforce any right under this Agreement shall be brought in the United States District Court for the District of Massachusetts. Should it become necessary to initiate any action to enforce this Agreement then the prevailing party in any such action shall recover, in addition to other relief granted by the court, costs and reasonable attorney fees. This includes, but is not limited to, seeking entry and enforcement of the Stipulated Judgment.

14.   The waiver by either party of any term, covenant or condition herein contained shall not be deemed a continuing waiver of that term, covenant or condition, or any subsequent breach of the same or any other term, covenant or condition of this Agreement.

15.   This Agreement may be executed in any number of counterparts each of which when taken together shall constitute but one original. Faxed, PDF (scanned) signatures, and/or electronic signatures (such as DocuSign) shall be deemed valid as if they were inked originals.

DocuSign Envelope ID: 05B507B8-341A-4864-88D6-C7CFD3B29A6E

## SETTLEMENT AGREEMENT AND RELEASE

16.    The Parties hereby represent and warrant that they are entering into this Agreement knowingly and voluntarily; that they are each represented by counsel and that they have received advice of counsel regarding the subject matter hereof in order to consider the decision of whether or not to execute this Agreement; that they understand the terms and effects of the Agreement; that they are executing this Agreement free from any duress, and undue influence, mistakes of fact or law, fraud, undue influence, and that they are executing this Agreement in a non-coercive atmosphere.

In witness whereof, the Parties knowingly and voluntarily executed this Agreement on the date set forth below.

DARTMOUTH CLUBS, INC. dba KING'S INN PREMIER GENTLEMEN'S CLUB

Dated 8/11/21

Dartmouth Clubs, Inc. dba
King's Inn Premier Gentlemen's Club

CRAIG CABRAL:
Dated 8/11/21

Craig Cabral

ENTERTAINER:
Dated 8/6/2021

Sienna Barboza

DocuSign Envelope ID: 05B507B8-341A-4864-88D6-C7CFD3B29A6E

# EXHIBIT 1

DocuSign Envelope ID: 05B507B8-341A-4864-88D6-C7CFD3B29A6E

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALYSSA TRUEHART, an individual; BRIGGETTE MUNNIS, an individual; and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DARTMOUTH CLUBS, INC. dba KING'S INN PREMIER GENTLEMEN'S CLUB, a Massachusetts Corporation; CRAIG J. CABRAL, an individual; CREEP DOE MANAGER, an individual; PAULIE DOE MANAGER, an individual; KIMBERLY DOE MANAGER, an individual; DOE MANAGERS 4-6; and DOES 7-10, inclusive,<br><br>Defendants. | Civil Action No. 1:20-cv-10374-DJC<br><br>**COLLECTIVE ACTION**<br><br>[Proposed] JUDGMENT IN FAVOR OF SIENNA BARBOZA PURSUANT TO STIPULATION |

DocuSign Envelope ID: 05B507B8-341A-4864-88D6-C7CFD3B29A6E

Based on the record before it, the Court finds that there is no just cause for delay in the entry of a final judgment in favor of plaintiff Sienna Barboza and against defendants Dartmouth Clubs, Inc. dba King's Inn Premier Gentlemen's Club and Craig Cabral.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiff Sienna Barboza and against defendants Dartmouth Clubs, Inc. dba King's Inn Premier Gentlemen's Club and Craig Cabral, jointly and severally in the **AMOUNT OF SEVEN THOUSAND U.S. DOLLARS ($7,000)**, as well as $_____ in interest since _____; and $_____ in attorneys' fees and costs incurred since _____, in connection with the entry and enforcement of this Judgment, minus $_____ for the amounts paid for a **TOTAL AMOUNT OF** $_____.

Dartmouth Clubs, Inc. dba King's Inn Premier Gentlemen's Club and Craig Cabral are each jointly and severally liable for the **TOTAL AMOUNT OF $_____**.

As stipulated by and between plaintiff Sienna Barboza and against defendants Dartmouth Clubs, Inc. dba King's Inn Premier Gentlemen's Club and Craig Cabral, this judgment shall not, and does not, have limitation, or operate as a bar, to collect any additional amounts due or to take further legal action to enforce the agreement and this judgment.

Dated: _____     _____
HONORABLE DENISE J. COOPER
UNITED STATES DISTRICT JUDGE